

FILED

2004 MAR 26  A 10: 55

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SGC, LTD. and          :
DAVID JACKSON,          :          CASE NO. 3:01CV00849(AVC)
                    Plaintiffs          :
v.          :
          :
M/V "TAMARACK"  In Rem,          :
                    Defendant          :          MARCH 12, 2004

## MOTION FOR ORDER OF SALE OF VESSEL

The Plaintiffs SGC, Ltd. and David Jackson by their attorneys hereby move this

Court for an Order directing the sale of the In Rem Defendant vessel M/V

"TAMMARACK", former U.S. Official No. 538040, a 1934 116' steel oil screw vessel

whose last known port of United States Registry was given as Bridgeport, Connecticut

(hereinafter referred to as the "Vessel").  As grounds in support of this Motion, the Plaintiffs

represent as follows:

1.     This action was filed against the In Rem Defendant Vessel on May 11, 2001

by the Plaintiffs pursuant to Rule 9(h) of the Federal Rules of Civil Procedure seeking

enforcement and foreclosure of the Plaintiffs' maritime liens against the Vessel which arose

by operation of maritime law in connection with monies advanced by the Plaintiffs with

respect to certain Charter/Purchase agreements pertaining to said Vessel and for the

purchase of equipment needed for the operation of the Vessel in its ocean hauling business.

2.     On May 11, 2001, this Court issued a Warrant for the Arrest/Seizure of the

In Rem Defendant Vessel by the United States Marshall, and pursuant to same, the United

States Marshall executed said Warrant on or about May 11, 2001 as of record appears, and

arrested said Vessel at a wharf facility in New Haven, Connecticut, at which time copies of

all pleadings, motions and orders issued by this Court were also served upon the Vessel and

Talmage Brothers, the operator/owner of the wharfing facility where the Vessel was found.

Copies of the U.S. Marshal's Service Process Receipts and Returns are attached hereto as

Exhibits "A" and "B".

      3.    Subsequent to the execution of the Warrant of Arrest/Seizure of the <u>In Rem</u>

Defendant Vessel, copies of the Warrant of Arrest/Seizure of the <u>In Rem</u> Defendant Vessel

together with all pleadings, motions, and orders issued by this Court were sent by United

States mail, postage prepaid, to Carib Marine, the owner of record of the <u>In Rem</u> Defendant

Vessel at one of its last known business addresses, the receipt of which by Carib Marine was

acknowledged to the attorneys for the Plaintiffs.

      4.    On or about January 18, 2002, long after informal extensions of time in

which to answer or otherwise respond to the Verified Complaint on behalf of any ownership

or other interest in the <u>In Rem</u> Defendant Vessel had expired, the Plaintiffs filed with the

Court a Request for Entry of Default pursuant to Rule 55(a) of the Federal Rules of Civil

Procedure and a default pursuant thereto was entered by this Court on January 28, 2002.

      5.    On or about April 2, 2002, the Plaintiffs filed a Motion for Default Judgment

pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure together with supporting

Affidavit of Amount Due and on April 30, 2002 this Court entered a Default Judgment

against the <u>In Rem</u> Defendant Vessel in the amount of Thirty Seven Thousand Three

Hundred Sixty Eight and 00/100 Dollars ($37,368.00). A copy of the Motion for Default

Judgment is attached hereto as Exhibit "C".

6.      Pursuant to Rule C (4) of the Supplemental Rules for Certain Admiralty and

Maritime Claims of the Federal Rules of Civil Procedure, Notice of the Arrest and Seizure

of the <u>In Rem</u> Defendant Vessel was published in a newspaper having general circulation in

this District and no claims or statements of interest have been filed with this Court within

the prescribed time period.

7.      The United States Marshal and the United States Coast Guard have, upon

information and belief, over the past year unsuccessfully attempted to contact the last known

owners of record of the subject Vessel regarding the status of same and potential

environmental safety and pollution concerns.

8.      Upon information and belief, the <u>In Rem</u> Defendant Vessel has essentially

been abandoned at its present facility and it does not appear that the last known owner or

anyone acting on behalf of the last known owner has exercised any care or maintenance

responsibilities with respect to same for some period to time. The United States Coast

Guard has expressed concerns regarding potential seaworthiness and pollution issues

pertaining the vessel.

9.      At the present time, the amount of the default judgment against the <u>In Rem</u>

Defendant Vessel in the sum of Thirty Seven Thousand Three Hundred Sixty-Eight and

00/100 Dollars ($37,368.00) remains fully unsatisfied and accruing interest, United States

Marshall's fees, and associated costs continue to mount.

10.      Other than the insurance provided pursuant to the United States Marshall's Service in connection with the arrest of the <u>In Rem</u> Defendant Vessel, upon information and belief, there is not known to be any other insurance currently in force with respect to the Vessel which would provide liability or potential coverage for damages resulting from any casualty or occurrences which might arise from the lack of care and maintenance of the Vessel. Any such claims arising with respect thereto could substantially impede, if not completely exceed, the Plaintiffs' Thirty Seven Thousand Three Hundred Sixty-Eight and 00/100 Dollars ($37,368.00) maritime lien against the Vessel for which Judgment has been entered by this Court. The <u>In Rem</u> Defendant vessel "TAMARACK" is a 68 year old vessel in deteriorating condition whose value continues to decline as time passes.

On the basis of the foregoing, it is respectfully submitted that the Plaintiffs are entitled to an entry of an Order of this Court directing that the <u>In Rem</u> Defendant Vessel be sold, that the proceeds thereof, after payment of all administrative expenses of sale and costs of this action or so much thereof as shall be adequate to fully satisfy the judgment in favor the Plaintiffs, plus accrued interest therein, be paid to the Plaintiffs and that any remaining balance be distributed to the last known owners of record if locatable, or otherwise in accordance with further orders of this Court.

WHEREFORE, the Plaintiffs move that this Court issue and enter the proposed

Order of Sale of Vessel submitted herewith.

THE PLAINTIFFS
SGC, LTD. and DAVID JACKSON

By _____
    John L. Senning, Esquire of
    Senning & Rieder
    16 Saybrook Road
    Essex, CT  06426
    860-767-2618
    Federal Bar No. CT05807
    -- Their Attorneys --

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| S.C.G. LTD. and David Jackson | 301 CV 00849 AVC |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| M/V "TAMARACK", its engines, etc. et al. | In Rem Warrant of Arrest |

| SERVE ➡ AT | NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN |
|---|---|
| | M/V "TAMARACK" |
| | ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code) |
| | TALMADGE Bros. Dock, FOOT of SALTON STAL Ave, New Haven, CT |

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

| | |
|---|---|
| John L. Senning, Esquire<br>Senning & Riader<br>16 Saybrook Road<br>Essex, CT 06426<br>860-767-2618 | Number of process to be served with this Form - 285    1 |
| | Number of parties to be served in this case    2 |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

Serve Warrant of Arrest on Vessel M/V "TAMARACK" with copies of Verified Complaint, Motion and Order Authorizing Arrest of Vessel without Keeper or Custodian and Maintaining Owner or Owner's Agent in Possession. 119' VESSEL IS black hull w/large white dock house at STERN, find a change "TAMARACK" O.N. 538040 - 1. To conf w/STERN with return No. on it.

| Signature of Attorney or other Originator requesting service on behalf of:    ☒ PLAINTIFF    ☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|
| | 860-767-2618 | 5/11/2001 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | 1 | No. 14 | No. 14 | | 5/11/01 |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode |
|---|---|
| MR. ROBERT Blum VICE PRESIDENT of TALMADGE Bros. | |
| Address (complete only if different than shown above) | Date of Service    14 may     Time    10:45   am / pm |
| | Signature of U.S. Marshal or Deputy |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 45.00 | 2.07 | — | 47.07 | — | 47.07 | |

REMARKS: 14 may 01, I certify at the date and time indicated above, Dixon John Reilly and I executed In Rem Warrant on the M/V "Tamarack" as specified in the Special Instructions...

# EXHIBIT "A"

**U.S. Department of Justice**
**United States Marshals Service**

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form

| | |
|---|---|
| PLAINTIFF  S.C.G. LTD AND DAVID Jackson | COURT CASE NUMBER  3:01CV00849AVC |
| DEFENDANT  M/V TAMARACK its engines etc et al. | TYPE OF PROCESS  VESSEL |

**SERVE** → NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
TALMADGE BROTHERS

**AT** ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
foot of Saltonstall Ave   New

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

John F. Senning, Esq
Senning & Riederer
16 Saybrook Rd  860-767-
Essex CT 06426  2618

| | |
|---|---|
| Number of process to be served with this Form - 285 | 1 |
| Number of parties to be served in this case | 2 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

Serve TALMADGE Brothers as agent for
Vessel owner or caretaker of Vessel

| Signature of Attorney or other Originator requesting service on behalf of: | TELEPHONE NUMBER | DATE |
|---|---|---|
| ☒ PLAINTIFF  ☐ DEFENDANT | 860-767-2618 | 5/11/01 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. 14 | District to Serve No. 14 | Signature of Authorized USMS Deputy or Clerk | Date  5/11/01 |
|---|---|---|---|---|---|

I hereby certify and return that I ☒ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above)  MR. Robert Bloom  Vice President of Talmadge Bros | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|
| Address (complete only if different than shown above) | Date of Service  14 MAY 01 | Time  10:45  ☒ pm  am |
| | Signature of U.S. Marshal or Deputy |

| Service Fee  45.00 | Total Mileage Charges (including endeavors)  2.07 | Forwarding Fee  — | Total Charges  47.07 | Advance Deposits  — | Amount owed to U.S. Marshal or  47.07 | Amount of Refund |
|---|---|---|---|---|---|---|

REMARKS: I, ____ on I, ____ or Caretaker certify, this on the date and time specified above. Dust Jon Reilly & I executed by Rem Warrant on the M/V Tamarack as specified in the special instructions.

**2. USMS RECORD**   FORM USM-285 (Rev. 12/15/80)

EXHIBIT " B "

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SCG, LTD. | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. |
| | ) | 3:01-CV-00849(AVC) |
| M/V "TAMARACK, | ) | |
| her rigging, engines, tackle, etc., | ) | |
| In Rem, et al | ) | |
| | ) | |
| Defendant | ) | March 29, 2002 |

## MOTION FOR DEFAULT JUDGMENT

The Plaintiffs, S.C.G. Ltd. and David Jackson, by their Attorney John L. Senning, Esq. of Senning & Rieder hereby move, pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, that this Court, by its Clerk, enter judgment against the In Rem Defendant M/V "TAMARACK" her rigging, engines, tackle, etc. Official No. 538040 in the amount of $40,312.14 which sum is computed on the basis of the Affidavit of Amount Due , in the sum of $37,368.00 attached hereto, plus costs in the amount of $2,944.14 as set forth in the Bill of Costs attached hereto. The Defendant has been defaulted pursuant to Rule 55(a) FRCP and is not an infant or incompetent person.

# EXHIBIT " C "

THE PLAINTIFFS,
SCG, LTD. and DAVID JACKSON
By: _____
    John L. Senning, Esquire of
    Senning & Rieder
    16 Saybrook Road
    Essex, CT  06426
    860-767-2618
    Federal Bar No.:  ct05807
    --Its Attorneys--

## **CERTIFICATION**

I hereby certify that the foregoing was mailed, postage paid on this date to the following:

Caribe Marine, A/K/A Caribe Marine Services
1215 N.W. 7th Avenue
Miami, FL  33136

Date: 3/29/02

John L. Senning, Esquire

## **<u>ORDER</u>**

The forgoing Motion for Default Judgment pursuant to Rule 55 (b)(1) having come before this Court and been considered and/or heard it is hereby:

ORDERED:    That judgment may enter in favor of the Plaintiffs S.C.G. Ltd. and David Jackson in the amount of $_____ representing the amount of the claim of $_____ plus interest of $_____ and costs of $_____ as per the Bill of Costs.

Dated April _____, 2002                                          _____
                                                                                     USDJ/Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SGC, LTD. and | : | |
| DAVID JACKSON, | : | CASE NO. 3:01CV00849(AVC) |
| Plaintiffs | : | |
| v. | : | |
| | : | |
| M/V "TAMARACK" In Rem, | : | |
| Defendant | : | |

| | | |
|---|---|---|
| STATE OF CONNECTICUT | ) | |
| | ) ESSEX | |
| COUNTY OF MIDDLESEX | ) | MARCH 12, 2004 |

AFFIDAVIT IN SUPPORT OF MOTION FOR ORDER OF SALE OF VESSEL

I, John L. Senning, being duly sworn, do depose and say:

1.     I am the attorney for the Plaintiffs in this action and have represented same since April, 2001.

2.     As such, I am familiar with the facts and circumstances pertaining to this matter including the Judgment obtained and entered by this Court against the in rem Defendant vessel and the lack of any satisfaction thereof by the in rem Defendant or its owner or by anyone having an interest therein.

3.     I am also familiar with the fact that, upon information and belief, no care, maintenance or upkeep has been performed upon the vessel by its last known owner or by anyone acting on such owner's behalf since April, 2001 and that by reason of same, the U.S. Coast Guard has expressed

concern regarding the vessel's condition and the potential threat of a marine casualty resulting therefrom and causing environmental damage.

4.    The in rem Defendant vessel is over 68 years old and will deteriorate with increasing rapidity if it is not disposed of in the near future.

5.    The in rem Defendant vessel and its engines, rigging, bunkers, tackle, etc. is the only asset available within this District and the Jurisdiction of this Court with which to satisfy the Judgment entered by this Court in the amount of $37,368 plus 8% interest since April 30, 2002 for a total of $43,097.76 now due and owing to the Plaintiffs.

6.    The interests of justice require that the in rem Defendant vessel be sold at public auction at the earliest date possible before further deterioration of the vessel and any reduction of its present value and before such condition results in a casualty further causing a loss of the vessel's value and damage which could give rise to claims against the vessel which would jeopardize the Plaintiff's claims against interest in the vessel and their ability to obtain satisfaction of said Judgment therefrom.

7.    The in rem Defendant vessel has been under the arrest and seizure by the U.S. Marshal since May 11, 2001 pursuant to an Order of this Court. The expenses of such Marshal's services including insurance continue to mount while the value of the vessel in its deteriorating condition without any care of maintenance for years by its last known owners continues to decline.

8.    The reason that this affidavit is made by this Affiant and not by an officer of the Plaintiff

SCG, Ltd or by Plaintiff David Jackson is because neither party is presently within the District of

this Court or available to attest to the above.

    Signed and dated at Essex, Connecticut this 12th day of March, 2004.

John L. Senning

Subscribed and sworn to before me
this 12th day of March, 2004


Notary Public
My Commission Expires:  12/31/06

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SGC, LTD. and | : | |
| DAVID JACKSON, | : | CASE NO. 3:01CV00849(AVC) |
| Plaintiffs | : | |
| v. | : | |
| | : | |
| M/V "TAMARACK" <u>In Rem</u>, | : | |
| Defendant | : | |

## <u>ORDER OF SALE OF VESSEL</u>

**TO THE UNITED STATES MARSHAL FOR THE DISTRICT OF CONNETICUT OR HIS DEPUTIES.**

**GREETINGS:**

**WHEREAS,** on Motion for Order of Sale of Vessel filed by the Plaintiffs, SGC,

LTD. and DAVID JACKSON and an Affidavit filed in support thereof, this Court has found

that the Judgment entered in favor of the Plaintiffs on April 30, 2002 in the amount of Thirty

Seven Thousand Three Hundred Sixty Eight and 00/100 Dollars ($37,368.00) plus interest

accrued since then against the <u>In Rem</u> Defendant M/V "TAMARACK", former U.S.

Official No. 538040, a 1934 116' steel oil screw vessel, remains fully unsatisfied, that the

vessel remains subject to the jurisdiction of this Court by virtue of the continued

arrest/seizure of said vessel by the U.S. Marshal which still is in effect, that no claims

against or notice of interest in said vessel have been made or asserted pursuant to Rule C (4)

of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules

of Civil Procedure, that no motion to set aside the default judgment entered by this Court on

April 30, 2002 has ever been filed, that by reason of the failure of any persons or parties

having exercised any care of maintenance of the subject vessel or providing any insurance coverage with respect to same other that that provided by the U.S. Marshal and the continued risks associated with same the vessel is deemed to have been constructively abandoned and in risk of continued deterioration and that in consideration of the premises the In Rem Defendant M/V "TAMARACK" should be sold.

WHEREFORE, the Court by these presents orders that the In Rem Defendant vessel, M/V TAMARACK, former U.S. Official No. 538040, (hereinafter the "Vessel") be sold at public auction.

This is, therefore, to command you to cause the said Vessel, its engines, rigging, bunkers equipment and attachments, etc., to be sold at public auction for the highest price that can be obtained for same at the United States District Courthouse, 141 Church Street, New Haven, Connecticut, within said District on the 1st day of May, 2004, said sale at public auction to be advertised, undertaken and completed according to the following terms and conditions:

1.      That the Plaintiffs shall give no less than thirty (30) days notice of the date, time and place of the sale by publishing notice of same in at least one newspaper of your selection, circulated in New Haven, Connecticut, in said District, substantially in the same form as the Notice of Arrest/Seizure of vessel and Public Auction Sale attached hereto. Such publication shall occur not less than once per week for three (3) successive calendar weeks, providing furthermore that the sale shall take place not sooner than seven (7) days following the last advertising date.  The Plaintiffs shall also advertise said auction sale by

2

publishing the name and particulars of the vessel and the intended auction sale in the marine

trade association publication known as "Boats and Harbors" at lease once not less than ten

(10) days prior to the date of said auction sale. Evidence of the Plaintiffs' compliance with

such publication of notice shall be provided to the U.S. Marshall prior to said sale by way

of affidavits of publication by such publishing newspapers.

      2.      The Plaintiffs shall additionally attempt to so notify the last known owners

of said Vessel by mailing a copy of this Order to a last known business address of such

owners by Certified Mail Return Receipt Registered.

      3.      The Sale shall be by open bid.

      4.      At the time of the sale, the U.S. Marshal shall collect from the successful

bidder a deposit equal to not less than ten percent (10%) of the successful bid price, said

deposit to be non-refundable in the event of the successful bidder's failure to tender to the

United States Marshall's Office the balance of the purchase price by 5:00 PM, May 5, 2004,

the fourth (4th) day following the date of sale, in the event that there is no timely objection

filed in opposition to the sale as provided below. However, if either Plaintiff is the

successful bidder at sale in an amount up to, but not greater than the amount of its

unsatisfied Judgment plus interest, it shall be relieved from the requirement of paying such

sum to the U.S. Marshal as hereinabove set forth, provided that at or before the said fourth

(4th) day following the date of sale, the Plaintiffs pay in full to the U.S. Marshal, by bank or

certified check, all those sums due and owing to the U.S. Marshal for services performed in

connection with this action whether in the form of commissions, fees or other allowable

charges. Any and all additional money arising from said sale the U.S. Marshal is commanded to pay into the Court for disposition by further Order or Orders of this Court. In the event that neither Plaintiff is the successful bidder, the successful bidder shall pay the entire purchase price to the U.S. Marshal's office as provided above from which amount this Court shall distribute to the Plaintiffs such sums as necessary to fully satisfy, or satisfy as fully as possible from such proceeds, the Judgment in favor of Plaintiffs plus accrued interest and costs as justly incurred in this action after first deducting any outstanding sums due the U.S. Marshal for services performed in this action as provided above.

**IT IS FURTHER ORDERED** that the sale shall be determined to have been automatically confirmed unless an objection to such sale and the automatic confirmation thereof is filed with this Court within three (3) days of the date of the public auction.

**AND IT IS FURTHER ORDERED** that following the expiration of said period in which to file any objection to such sale and in the absence of any timely filing of same, the United States Marshall shall, on May 6, 2004 or as soon thereafter as practicable, deliver a Bill of Sale of the Vessel M/V "TAMARACK", former U.S. Official No. 538040, to the confirmed purchaser on a United States Coast Guard approved form, in duplicate, and said Vessel shall be conveyed by the United States Marshall "as is", "where is", free and clear of all liens, claims and encumbrances whatsoever.

**AND IT IS FURTHER ORDERED** that the person conducting said sale read this Order at the sale before receiving bids and to make due return hereof with his/her doings herein.

4

**AND IT IS FURTHER ORDERED** that no security shall be required to be given by the Plaintiffs in connection herewith.

Dated at _____, Connecticut, this ___ day of March, 2004.

_____

United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SGC, LTD. and
DAVID JACKSON,                                       :           CASE NO. 3:01CV00849(AVC)
                   Plaintiffs              :
v.                                                   :
                                :
M/V "TAMARACK"  In Rem,                              :
                  Defendant             :

## NOTICE OF PUBLIC ACUTION SALE OF VESSEL

**NOTICE IS HEREBY GIVEN THAT** a Public Auction Sale of motor vessel TAMARACK, former Official Number 538040 will be held at 12:00 noon on May _, 2004 at the United States District Court for the District of Connecticut at 141 Church Street, New Haven, CT pursuant to an Order of Sale of Vessel issued by said Court.  Said auction sale shall be conducted by a U.S. Marshal and shall be deemed automatically confirmed unless an objection thereto is filed with said Court by May  _, 2004.  Said auction shall be with reserve and the auctioneer shall have the right to reject any and all bids not deemed sufficient.  For further information, contact:  John L. Senning, Esq., SENNING & RIEDER, 16 Saybrook Road, Essex, CT  06426, 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, attorney for the Plaintiffs SCG, Ltd and David Jackson.

## **CERTIFICATION**

I hereby certify that the foregoing was mailed, postage paid on this date to the following:

Caribe Marine, A/K/A Caribe Marine Services
1215 N.W. 7th Avenue
Miami, FL 33136

Date: 3/17/04

John L. Senning, Esquire