**FILED**

2004 MAR 31  P 1:42

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SGC, LTD. and
DAVID JACKSON,
              Plaintiffs

v.

M/V "TAMARACK" In Rem,
              Defendant

CASE NO. 3:01CV00849(AVC)

### ORDER OF SALE OF VESSEL

**TO THE UNITED STATES MARSHAL FOR THE DISTRICT OF CONNETICUT OR HIS DEPUTIES.**

**GREETINGS:**

**WHEREAS,** on Motion for Order of Sale of Vessel filed by the Plaintiffs, SGC, LTD. and DAVID JACKSON and an Affidavit filed in support thereof, this Court has found that the Judgment entered in favor of the Plaintiffs on April 30, 2002 in the amount of Thirty Seven Thousand Three Hundred Sixty Eight and 00/100 Dollars ($37,368.00) plus interest accrued since then against the In Rem Defendant M/V "TAMARACK", former U.S. Official No. 538040, a 1934 116' steel oil screw vessel, remains fully unsatisfied, that the vessel remains subject to the jurisdiction of this Court by virtue of the continued arrest/seizure of said vessel by the U.S. Marshal which still is in effect, that no claims against or notice of interest in said vessel have been made or asserted pursuant to Rule C (4) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, that no motion to set aside the default judgment entered by this Court on April 30, 2002 has ever been filed, that by reason of the failure of any persons or parties

having exercised any care of maintenance of the subject vessel or providing any insurance coverage with respect to same other that that provided by the U.S. Marshal and the continued risks associated with same the vessel is deemed to have been constructively abandoned and in risk of continued deterioration and that in consideration of the premises the In Rem Defendant M/V "TAMARACK" should be sold.

WHEREFORE, the Court by these presents orders that the In Rem Defendant vessel, M/V TAMARACK, former U.S. Official No. 538040, (hereinafter the "Vessel") be sold at public auction.

This is, therefore, to command you to cause the said Vessel, its engines, rigging, bunkers equipment and attachments, etc., to be sold at public auction for the highest price that can be obtained for same at the United States District Courthouse, 141 Church Street, New Haven, Connecticut, within said District on the 1st day of May, 2004, said sale at public auction to be advertised, undertaken and completed according to the following terms and conditions:

1. That the Plaintiffs shall give no less than thirty (30) days notice of the date, time and place of the sale by publishing notice of same in at least one newspaper of your selection, circulated in New Haven, Connecticut, in said District, substantially in the same form as the Notice of Arrest/Seizure of vessel and Public Auction Sale attached hereto. Such publication shall occur not less than once per week for three (3) successive calendar weeks, providing furthermore that the sale shall take place not sooner than seven (7) days following the last advertising date. The Plaintiffs shall also advertise said auction sale by

publishing the name and particulars of the vessel and the intended auction sale in the marine trade association publication known as "Boats and Harbors" at lease once not less than ten (10) days prior to the date of said auction sale. Evidence of the Plaintiffs' compliance with such publication of notice shall be provided to the U.S. Marshall prior to said sale by way of affidavits of publication by such publishing newspapers.

     2.     The Plaintiffs shall additionally attempt to so notify the last known owners of said Vessel by mailing a copy of this Order to a last known business address of such owners by Certified Mail Return Receipt Registered.

     3.     The Sale shall be by open bid.

     4.     At the time of the sale, the U.S. Marshal shall collect from the successful bidder a deposit equal to not less than ten percent (10%) of the successful bid price, said deposit to be non-refundable in the event of the successful bidder's failure to tender to the United States Marshall's Office the balance of the purchase price by 5:00 PM, May 5, 2004, the fourth (4th) day following the date of sale, in the event that there is no timely objection filed in opposition to the sale as provided below. However, if either Plaintiff is the successful bidder at sale in an amount up to, but not greater than the amount of its unsatisfied Judgment plus interest, it shall be relieved from the requirement of paying such sum to the U.S. Marshal as hereinabove set forth, provided that at or before the said fourth (4th) day following the date of sale, the Plaintiffs pay in full to the U.S. Marshal, by bank or certified check, all those sums due and owing to the U.S. Marshal for services performed in connection with this action whether in the form of commissions, fees or other allowable

charges. Any and all additional money arising from said sale the U.S. Marshal is commanded to pay into the Court for disposition by further Order or Orders of this Court. In the event that neither Plaintiff is the successful bidder, the successful bidder shall pay the entire purchase price to the U.S. Marshal's office as provided above from which amount this Court shall distribute to the Plaintiffs such sums as necessary to fully satisfy, or satisfy as fully as possible from such proceeds, the Judgment in favor of Plaintiffs plus accrued interest and costs as justly incurred in this action after first deducting any outstanding sums due the U.S. Marshal for services performed in this action as provided above.

**IT IS FURTHER ORDERED** that the sale shall be determined to have been automatically confirmed unless an objection to such sale and the automatic confirmation thereof is filed with this Court within three (3) days of the date of the public auction.

**AND IT IS FURTHER ORDERED** that following the expiration of said period in which to file any objection to such sale and in the absence of any timely filing of same, the United States Marshall shall, on May 6, 2004 or as soon thereafter as practicable, deliver a Bill of Sale of the Vessel M/V "TAMARACK", former U.S. Official No. 538040, to the confirmed purchaser on a United States Coast Guard approved form, in duplicate, and said Vessel shall be conveyed by the United States Marshall "as is", "where is", free and clear of all liens, claims and encumbrances whatsoever.

**AND IT IS FURTHER ORDERED** that the person conducting said sale read this Order at the sale before receiving bids and to make due return hereof with his/her doings herein.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SGC, LTD. and
DAVID JACKSON,
                  Plaintiffs

v.

M/V "TAMARACK" In Rem,
                  Defendant

CASE NO. 3:01CV00849(AVC)

### NOTICE OF PUBLIC ACUTION SALE OF VESSEL

**NOTICE IS HEREBY GIVEN THAT** a Public Auction Sale of motor vessel TAMARACK, former Official Number 538040 will be held at 12:00 noon on May _, 2004 at the United States District Court for the District of Connecticut at 141 Church Street, New Haven, CT pursuant to an Order of Sale of Vessel issued by said Court. Said auction sale shall be conducted by a U.S. Marshal and shall be deemed automatically confirmed unless an objection thereto is filed with said Court by May _, 2004. Said auction shall be with reserve and the auctioneer shall have the right to reject any and all bids not deemed sufficient. For further information, contact: John L. Senning, Esq., SENNING & RIEDER, 16 Saybrook Road, Essex, CT 06426, 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, attorney for the Plaintiffs SCG, Ltd and David Jackson.

**AND IT IS FURTHER ORDERED** that no security shall be required to be given by the Plaintiffs in connection herewith.

Dated at _HARTFORD_, Connecticut, this 31st day of March, 2004.

_____
United States District Judge